(C. D. 131)

STEEL, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 20, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising at the port of Los Angeles brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of forged steel balls. Duty was levied thereon at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as parts of machines not specially provided for. It is claimed that said articles are properly dutiable at but 25 per centum ad valorem under the provision in paragraph 319 (a) of said act for "forgings of iron or steel, or of combined iron and steel, not machined, tooled, or otherwise advanced in condition by any process or operation subsequent to the forging process, not specially provided for."

At the trial herein held at Los Angeles on June 7, 1938, a sample of the imported merchandise was admitted in evidence as Exhibit 1 and the plaintiff offered in evidence the testimony of three witnesses.

The first, William E. Kelly, United States examiner of merchandise at the port of Los Angeles, testified that he was familiar with merchandise similar to Exhibit 1; that in his opinion it was a ball of forged steel; and that nothing had been done to it subsequent to the forging operation.

On cross-examination he testified that the only basis for his testimony that Exhibit 1 had not been further processed was his observation thereof.

The second witness, Scovill E. Hollister, a metallurgical engineer in the employ of the Southwestern Engineering Co. of Los Angeles, testified that the business of his concern was the manufacturing of mining and metallurgical equipment and the designing and erection of ore treating plants; that he was familiar with grinding machinery; that he had supervised the installation of ore grinding machinery and had personally operated same; that he had used forged steel balls similar to Exhibit 1 in ore grinding machines and had recommended their use; that such balls are used in grinding machines of various types to reduce ore from one size to another size; that grinding machines are sold and offered for sale by his company without the forged steel balls; that the balls are inserted in the machine with the ore and water and when the mill is put into operation the balls, by abrasion, attrition, and impact, cause the ore to be broken down; that the mill or grinding machine is a cylindrical drum; that in the grinding operation the use of grinding balls like Exhibit 1 is not indispensable to the use of said machine; that the grinding machine will perform its function without the use of grinding balls like Exhibit 1; that he had seen other articles used in place of grinding balls such as steel bits and miscellaneous steel waste parts, flint pebbles, and even chunks of ore; that neither a forged steel ball like Exhibit 1 nor pebbles or any of the other articles mentioned are integral parts of a steel grinding machine without which it cannot function as such; that in the accounting department of his company forged steel balls are carried under operating costs as expendable supplies whereas parts of grinding machines are carried as spare parts.

On cross-examination he testified that grinding balls like Exhibit 1 are used in a majority of grinding operations; that balls like Exhibit 1 are worn out in the grinding operation, and that in some cases larger chunks of ore can be used in place of articles like Exhibit 1.

The third witness, Dwight L. Sawyer, mining engineer and geologist, employed by the Golden Queen Mining Co. at Mojave, Calif., testified that he was familiar with articles like Exhibit 1; that such articles are used in ore grinding mills or machines; that such machines can operate

and perform their function without articles like Exhibit 1; that at the Atlas Mine in Colorado he used pieces of ore in grinding machines and that at the Golden Queen Mine he had used drill bits similar to those admitted in evidence as Collective Exhibit A, and that articles like Exhibit 1 are not essential to grinding machines nor are they indispensable to the use of said machines.

On cross-examination he testified that he had seen articles like Exhibit 1 used in grinding machinery many times in various mines and that articles like Exhibit 1 are predominantly used in connection with ore grinding machines.

The Government called as a witness William E. Kelly, United States examiner at the port of Los Angeles, Calif., who had previously appeared herein for the plaintiff. He testified that he was familiar with the merchandise which was the subject of T. D. 45396 and that the merchandise covered by the instant protest is the same in all material respects to that involved in the cited case.

Upon this record counsel for the plaintiff in their brief filed herein contend that, because other articles may be used as substitutes for the forged steel balls in question in ore grinding machines, therefore, the forged steel balls are not integral, constituent, or component parts of such machines without which the latter could not function as such machines, citing the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. 322, T. D. 46851. The said case was cited by the same counsel in their brief filed with the United States Court of Customs and Patent Appeals in the case of *Steel, Inc.* v. *United States*, 24 C. C. P. A. 423, T. D. 48872, which latter case involved the question of the dutiable classification of forged steel balls similar in all material respects to those the subject of the case at bar.

In affirming our decision in *Steel, Inc.* v. *United States*, Abstract 33615, the appellate court, speaking through Lenroot, Judge, said:

It is appellant's contention that, because the testimony discloses that a certain kind of rock may be used in lieu of the steel balls, the latter are not parts of machines under the rule laid down in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. The court there said:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * * [citing authorities.]

We think there is a clear distinction between the case at bar and the case last above cited. In that case the camera would operate as a camera without the tripod, but in the case at bar the machine will not operate as a grinding mill without steel balls or a distinctive kind of hard rock. Eliminating for the moment consideration of the rock, the steel balls are a component part of the grinding mill without which it could not function as a grinding mill.

Appellant contends that, as the balls are not attached to the shell, they are not parts of the machine. We know of no rule which requires that an

article, in order to constitute a machine, must have all of its parts attached together. The steel balls respond to the motor power of the machine by revolving or tumbling with the revolutions of the shell, and they, or an equivalent article, are essential to the completion of the machine as a grinding mill.

   *        *        *        *        *        *        *

The more serious of appellant's contentions is that it is optional, according to the testimony, for the user of a grinding mill to use steel balls such as are here involved or an imported hard rock, and that therefore steel balls are not indispensable to the operation of the grinding mill. *We have given this matter consideration and conclude that the mere fact, that two articles, each serving the same purpose, may be optionally used for the completion of a machine does not prevent each of said articles from being a part of a machine.* * * * [Italics ours.]

Upon the entire record we see no reason for not adhering to the previous decisions of this and the appellate court on similar merchandise. All claims of the plaintiff are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.